IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIMBERLY SCARBERRY,

           Plaintiff,

v.                                      CIVIL ACTION NO. 2:04-00413

JO ANNE B. BARNHART,
Commissioner of Social Security,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, who has submitted her proposed findings of fact and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Findings and Recommendation were filed on August 2, 2005. On September 1, 2005, Plaintiff timely filed her objections to the Findings and Recommendation, together with a motion to exceed the twenty-page limit.[1]

The Court has reviewed *de novo* those portions of Magistrate Judge Stanley's Findings and Recommendation to which Plaintiff objects. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to exceed the page limit, but **DENIES** her objections, and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the Magistrate Judge, which **DENIES** Plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Remand,

---

[1] By Order entered on August 10, 2005, the Court granted Plaintiff an extension until September 1, 2005, in which to file her objections.

**GRANTS** Defendant's Motion for Judgment on the Pleadings, and **AFFIRMS** the final decision of the Commissioner.

In her motion, Plaintiff asserts the Magistrate Judge erred in recommending that the final decision of the Commissioner be affirmed. Specifically, Plaintiff claims the Administrative Law Judge ("ALJ") committed reversible error by: (1) failing to identify and take into proper consideration all of Plaintiff's severe impairments; (2) failing to properly analyze or to award Plaintiff benefits on the basis of her meeting or equaling a Listing of Impairment at 12.04, 12.06, or 12.07, as contained in Appendix 1, Subpart P, Regulations No. 4; (3) failing to conduct a proper assessment of Plaintiff's non-exertional impairments/limitations and her residual functional capacity; and (4) failing to conduct a complete or proper assessment of Plaintiff's vocational ability to perform other work. Upon review of these objections, and for the following reasons, the Court finds that the Magistrate Judge properly recommended that the Commissioner's decision be affirmed.

With respect to her first objection, Plaintiff argues the Magistrate Judge erred in determining that the ALJ identified all Plaintiff's severe impairments. In particular, Plaintiff argues that the ALJ should have included as severe impairments her problems with her dominant right shoulder and upper extremity, her chronic pain syndrome, her obsessive compulsive disorder, her post traumatic stress disorder, and her panic disorder. In his decision, the ALJ found that Plaintiff's degenerative disc disease of the cervical spine and her bipolar disorder, depression, and anxiety were all severe impairments under the Regulations. However, the ALJ found they were "not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P,

Regulation 4." *Decision of the Office of Hearings and Appeals*, at 4 (Nov. 13, 2002). The ALJ also considered Plaintiff's shoulder and found it

> is not characterized by gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings of joint space narrowing, bony destruction, or ankylosis of the affected joint(s) with inability to perform fine and gross movements effectively, as defined in 1.00B2c.

*Id.* Although a review of the medical records establish that Plaintiff has difficulty with her right shoulder and upper extremity,[2] the Court agrees with the ALJ that the clinical findings appear to be inconsistent with Plaintiff's contention that such impairment is severe enough to meet or medically equal an impairment under the Regulations. In addition, as will be explained *infra*, the Court agrees with the ALJ's decision that Plaintiff's subjective complaints of pain were not entirely credible. In this light, the Court finds there is substantial evidence to support the ALJ's decision not to classify Plaintiff's right shoulder and upper extremity difficulties as severe under the Regulations. Moreover, as noted by the Magistrate Judge, the ALJ found that Plaintiff could not perform jobs involving significant use of her right hand and arm for prolonged and repetitive movements. Thus, the ALJ did consider Plaintiff's right shoulder problems in evaluating her claim and ability to work.

       Plaintiff also contends that both the ALJ and the Magistrate Judge failed to properly consider the medical records and reports by Drs. Loimil, Ede, and Deer. The Court has reviewed

---

[2]These records are fully described in the Magistrate Judge's Order and incorporated herein.

those records and finds they were adequately considered.[3] Therefore, the Court finds Plaintiff's complaint without merit.

Plaintiff next argues that the ALJ and Magistrate Judge failed to properly consider her chronic pain syndrome, her obsessive compulsive disorder, her post traumatic stress disorder, and her panic disorder as severe impairments. The Court has reviewed the records with respect to these disorders and finds, for the reasons stated by the Magistrate Judge, the ALJ did not err in finding that these conditions are not severe under the Regulations. In addition, the Court agrees with the Magistrate Judge that the ALJ erred by failing to mention in the decision the opinions of Dr. Priddy of Prestera, formerly Shawnee Hills. However, the ALJ did consider the treatment notes from Shawnee Hills, most of which indicate progressive improvement, and Dr. Priddy's brief notations are not supported by objective clinical and laboratory diagnostic techniques. Therefore, the Court agrees with the Magistrate Judge that this error was harmless.

Plaintiff's second objection is that the Magistrate Judge failed to review the propriety of the ALJ's decision that Plaintiff did not meet or equal the requirements of Listings 12.04, 12.06, and 12.07. Therefore, Plaintiff urges the Court not to adopt the proposed Findings and Recommendation because she argues they are inadequate and incomplete. Specifically, with respect

---

[3] In particular, the Court notes that one of the records Plaintiff suggests was not considered by the Appeals Council was a report by Dr. Ede dated November 4, 2002. This report was submitted after the ALJ had rendered his decision. Nevertheless, the Appeals Council stated it considered the report and incorporated it as a part of the record. The Court has reviewed the report and agrees with the Magistrate Judge and the Appeals Council that, in considering the report in light of the record as a whole, it does not provide a basis to change the ALJ's decision.

to Affective Disorders under Listing 12.04, the ALJ found Plaintiff met the medical criteria under A, but not the B criteria. Likewise, under 12.06 covering Anxiety Related Disorders, the ALJ found Plaintiff's depression with anxiety met the A criteria, but not the B or C criteria. With respect to 12.07, Somatoform Disorders, the ALJ found Plaintiff did not meet the criteria under either A or B. Plaintiff argues, however, that she meets the B criteria for each of these listings and the A criteria under 12.07.

In deciding that Plaintiff only had mild restrictions on activities of daily living and social functioning and moderate restrictions in maintaining concentration, persistence, or pace, the ALJ explained that he

> did not find her to be fully credible as to the frequency and severity of her symptoms or the extent of her functional limitations. She is independent in self-care and only requires assistance with dressing. She reported watching television at least three hours per day and she visits with family. She performs household chores including dusting furniture and laundry despite her allegations of disabling pain. These daily activities are consistent with the performance of at least sedentary work. The record shows that the claimant leaves her house on a routine basis to attend medical and counseling sessions and to pickup her medications. The record does not reflect difficulties in getting along with former employers or in adapting to changes in the work place. On December 8, 1999, the claimant's treating psychiatrist reported that the medication Xanax had been very effective for anxiety. She was neurologically alert and cooperative with no evidence of mixed mood states. Her global assessment of function was 60. As for concentration, persistence and pace, the claimant indicated that she had trouble concentrating due to pain and depression. Treatment notes indicate that

> the claimant was well oriented and that her immediate, recent, and remote memories are intact.

*Decision of the Office of Hearing and Appeals*, at 5. In her brief, Plaintiff argues that the ALJ did not fully consider all the evidence and points to evidence that she believes demonstrates that she has a "marked" restriction in activities of daily living, social functioning, and concentration, persistence, and pace. Upon review of this evidence, however, the Court cannot say that the ALJ's decision with respect to the B criteria is not supported by substantial evidence or is otherwise inadequate.

Likewise, the Court disagrees with Plaintiff's argument that medical evidence demonstrates that she meets or equals the A criteria under 12.07. In support of her position, Plaintiff points to a report by Ralph Smith, Jr., M.D., dated September 17, 2001, in which he says Plaintiff has had significant psychiatric problems, was not stabilized from her injury-related psychiatric disturbance, and was a poor candidate for any invasive pain management procedures because of her high levels of somatization. *September 17, 2001 Report of Dr. Smith*, at 5. However, Plaintiff's summary of Dr. Smith's report is incomplete. Dr. Smith adds that she would be a poor candidate for any invasive pain management because of her gross exaggeration on psychological testing and her history of childhood abuse. As to the testing, Dr. Smith found Plaintiff gave a very poor effort and her performance was of someone who made minimal effort and is the frequent profile of "individuals who are attempting to simulate, exaggerate, or malinger cognitive deficits." *Id*. at 4-5. Given the totality of the report and the other evidence in this case, the Court finds that the ALJ's decision that Plaintiff did not meet or equal the A criteria under 12.07 is supported by substantial evidence.

Plaintiff's third objection is that the Magistrate Judge failed to review the ALJ's findings regarding Plaintiff's pain and other non-exertional impairments and restrictions and Plaintiff's resulting residual functional capacity. Plaintiff asserts that the Magistrate Judge should have found the ALJ erred in making these assessments because the medical records show that her multiple medical conditions prevent her from performing substantial gainful activity. However, as previously discussed, the ALJ found in his decision that Plaintiff was not "fully credible as to the frequency and severity of her symptoms or the extent of her functional limitations." *Decision of the Office of Hearing and Appeals*, at 5. For instance, the ALJ found Plaintiff's activities are consistent with an ability to do at least sedentary work. The ALJ noted that, other than dressing, Plaintiff is able to care for herself. She watches television for at least three hours a day and visits with family. She is able to do household chores, such as dusting and laundry, despite her claim that she suffers disabling pain. The record also shows Plaintiff is able to leave her house routinely for medical and counseling appointments and to pick up medications. The ALJ considered that her treating psychiatrist found Xanax was effective with Plaintiff's anxiety and that "[s]he was neurologically alert and cooperative with no evidence of mixed mood states[, and] [h]er global assessment of functioning was 60." *Id*. Treatment notes show that she "was well oriented and that her immediate, recent, and remote memories are intact." *Id*. The ALJ further noted that Plaintiff indicated trouble concentrating due to pain and depression. However, based upon his review of the record, the ALJ found Plaintiff had "only mild restriction on activities of daily living and social functioning and moderate restrictions in maintaining concentration, persistence, or pace." *Id*. The ALJ concluded that the activities Plaintiff admits to performing and the reports "discount her allegations of severe and disabling pain and suggest that the pain that she does experience is not more than mild to

moderate in nature." *Id.* Moreover, the ALJ considered X-rays and EMG and MRI studies and found that the objective medical evidence is inconsistent with Plaintiff's allegation of disabling pain and noted Plaintiff showed gross exaggeration on testing. *Id.* 5-6. Therefore, based upon these factors, the ALJ concluded Plaintiff

> retains the residual functional capacity to lift ten pounds, sit for six hours in an eight-hour workday and stand and walk for two hours in an eight-hour workday. Nonexertionally, her mild to moderate pain does not interfere with her ability to perform jobs not requiring significant use of the right hand and arm for prolonged and repetitive movements. The claimant's psychiatric impairments and symptoms do not prevent her from performing unskilled job tasks.

*Id.* at 6. Upon review of the entire record in this case, the Court agrees with the ALJ and finds his decision is supported by substantial evidence.

Plaintiff's fourth objection is that the Magistrate Judge erred in finding that the ALJ's hypothetical question was adequate and supported by substantial evidence. Plaintiff contends that the Magistrate Judge should have found the ALJ erred in presenting the hypothetical question by not incorporating Plaintiff's allegations that she suffers from chronic pain, multiple mental impairments, medication side effects, and an almost total loss of her dominant upper right extremity. In the hypothetical question, the ALJ asked the vocational expert to consider an individual who has

> a residual functional capacity for sedentary work, who is classified as a younger individual, who has a limited education and no work history, and under the applicable Rules and Regulations would be found "not disabled." He was then asked to assume that she has nonexertional impairments such as pain in her right arm, shoulder, hand, neck, seizures, anxiety, depression, and drowsiness due to medication and

> cannot perform prolonged, repetitive movements with the right arm and hand. The vocational expert was asked to assume on the one hand the claimant's pain and depression were mild to moderate, and on the other hand occurred with such frequency and severity so as to preclude sustained physical and mental activity.

*Id.* at 7. Assuming the first hypothetical question with mild to moderate pain and depression, the vocational expert testified that such an individual could perform a variety of unskilled sedentary occupations. Under the second scenario which considers frequent and severe pain and depression which would preclude sustained physical and mental activity, the vocational expert testified that such an individual would be precluded from work. Upon a review of the entire record, the ALJ concluded that Plaintiff's nonexertional restrictions are no more than mild to moderate in nature. Therefore, given this conclusion and considering Plaintiff's age, educational background, work experience, and residual functional capacity, the ALJ found Plaintiff is able to work at jobs that exist in significant numbers in the national economy and is not disabled within the framework of the Medical-Vocational Rule 201.24." *Id.* Upon this Court's review of the record, the Court agrees with the ALJ and finds that his decision is supported by substantial evidence for the reasons outlined by the ALJ, the Magistrate Judge, and this Court throughout this Order. Therefore, the Court denies Plaintiff's final objection.

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's motion to exceed the Plaintiff's twenty-page limit, but **DENIES** Plaintiff's objections, and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the Magistrate Judge, which **DENIES** Plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Remand, **GRANTS**

Defendant's Motion for Judgment on the Pleadings, and **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this case from the docket of the Court.

The Court **DIRECTS** the Clerk to send a certified copy of this written Opinion and Order to Magistrate Judge Stanley, counsel of record, and any unrepresented parties.

DATE: September 28, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE